Frost, J.
delivered the opinion of the Court.
When the defendant, on his admission to the Lodge, signed the constitution and by-laws, by the terms of the 12th section *462 of the 2d article, he did “thereby agree to support the same, and pay all legal demands against him, so long as he continues a prember of the Lodge.” “Legal demands” can only mean such as accrue under the constitution and by-laws. The by-law under which the defendant is charged with the sum demanded, provides that if a member’s fines and dues remain unpaid for twelve mouths, “he shall be suspended, during the pleasure of the society; and, on reinstatement, he shall pay the amount standing against him at the time of his suspension, together with the whole sum to which he would have been subject had he not been suspended.” The distinction between suspension and expulsion is frequently recog-nised in the by-laws. The former is a temporary privation of rights and benefits; the latter is disfranchisement, severing the connection between the expelled member and the Lodge. According to the by-laws, a suspended member may be reinstated, bn paying the amount charged against him. An expelled member can be readmitted only on the terms and conditions of a new member. By suspension one does not cease to be a member; and, while a member, by law and by his express undertaking, the defendant continues liable to pay the contributions which the by-laws may require. But it is contended that this liability is founded in contract, which requires a consideration for its support; and that the defendant, having been deprived of all privileges and benefits by suspension, his liability, for contribution thereafter, was determined. Conceding that the liability of the defendant depends on contract, requiring a consideration, the consideration of his undertaking to support the constitution and by-laws, and pay all “legal demands,” was, that he should be admitted a member of the Lodge and possess the rights and capacity of a corporator. Certain privileges and benefits were incident to membership. Ihe unconditional enjoyment of these, was not held out to him as the inducement to join the Lodge. He was to possess and enjoy them, only as a franchise, subject to such rules and regulations as the by laws might prescribe. When the by-law was passed, under which the defendant was suspended, he *463 might have determined his liability to future contribution by “ withdrawing his membership,” in the manner prescribed in the eleventh section of the second article. This he declined to do.
If the by-law, under which the plaintiff s’ demand arises, be unreasonable, that would be a good defence to the action. For while it is a power incident to every corporation to make by-laws for the preservation of order, the enforcement of corporate duties, and the advancement of its objects, that power is subject to the legal restraint, that the by-laws be reasonable and conducive to the design of the corporation. Such by-laws may impose pecuniary penalties, or corporate disabilities. Disabilities are very reasonable and efficient means to enforce payment of contribution^ and fines. By means of them, an appeal is made to the honor and pride of the members, by which they are best stimulated to the discharge of corporate duties, and the interest of the corporation is promoted, by preventing the resentment and defection which a resort to law is apt to produce. The by-law, in question, adopts a just and suitable measure of coercion, when it suspends a member, who refuses or neglects to contribute to the common fund, from the right to participate in the relief the fund is designed to afford, or to assist in the administration of the charity. The defendant enjoyed all the privileges of a member, until he was in default, and so continued, after notice and request, for more than a year. « If he pays his dues, he may demand to be reinstated. It is not necessary to decide, in this case, whether on payment or tender of the amount charged against him, the Lodge may continue the suspension of the defendant, indefinitely, !i during pleasure.” When that case is presented, the- law is not deficient in a remedy to enforce his rights, as a corporator, whatever they may be. Rex v. Richardson, 1 Bur. 539 ; Commomvealth v. St. Patrick Benevolent Society, 2 Bin. 448; Commonwealth v. Cain, 5 Sergt. & Rawl, 512; Commonwealth v. Pennsylvania Benevolent Institution, 2 Sergt. & Rawl, 141. The motion is granted.
O’Neall, J. and Evans, J. concurred.

Motion granted.